UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| INFINITE GROWTH GROUP, LLC, | ) |
| Plaintiff, | ) 2:10-cv-02652 JWS |
| vs. | ) ORDER AND OPINION |
| RICHARD HAASNOOT, | ) [Re: Motion at Docket 16] |
| Defendant. | ) |

## I. MOTION PRESENTED

At docket 16, defendant Richard Haasnoot ("defendant" or "Haasnoot") moves pursuant to Federal Rule 12(b)(1) to dismiss Counts I through VIII for lack of subject matter jurisdiction. Plaintiff Infinite Growth Group, LLC ("IGG") opposes the motion at docket 19. Haasnoot's reply is at docket 21. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Haasnoot and Scott Relf ("Relf") formed IGG in 2008. IGG is a Florida limited liability company that provides consulting services. Haasnoot and Relf were the only members and co-managed the company pursuant to its operating agreement from its inception until January 2010. On January 25, 2010, Haasnoot formed Infinite Growth

Associates, LLC ("IGA") in Arizona.  IGG alleges that Haasnoot wrote an unauthorized check from IGG's account for $10,000 on that date.  IGG's complaint further alleges that IGA was formed "for the express and stated purpose" of competing with and usurping business opportunities from IGG.[1]

On January 26, 2010, Haasnoot informed Relf he would be leaving IGG and sent Relf an e-mail confirming his resignation.  IGG maintains that, on that date, Haasnoot met with "a person that IGG had identified as a prospective consultant" in a conference room reserved and paid for by IGG.[2]  IGG alleges that Haasnoot subsequently used IGG presentation materials (and changed references to "IGG" to "IGA"), contacted the outside source of IGG's salespeople and instructed them to send all future invoices to IGA, and made sales presentations to "IGG targeted customers."[3]  Haasnoot started a second Arizona company, Infinite Growth Experts, LLC ("IGE") and contacted an additional client of IGG, allegedly under the guise that IGE was IGG.

On December 19, 2010, IGG filed this lawsuit, asserting claims for breach of fiduciary duty (Count I), conversion (Count II), breach of the duty of loyalty (Count III), violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV), misappropriation of business opportunity (Count V), violation of Florida's Uniform Trade Secrets Act (Count VI), tortious interference with business relationship (Count VII), unfair competition (Count VIII), and violation of the Lanham Act (Count IX).

---

[1] Doc. 1 ¶ 64.

[2] *Id.* ¶¶ 71, 73.

[3] *Id.* ¶ 81, 88, 92.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[4]  Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[5]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[6]

### IV.  DISCUSSION

**A. Federal Question Jurisdiction**

Section 1331 of Title 28 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[7]  IGG has asserted a claim under 15 U.S.C. § 1125(a)–§ 43(a) of the Lanham Act.[8]  Haasnoot does not dispute that the court has original jurisdiction over IGG's Lanham Act claim.[9]  The other eight counts in plaintiff's complaint assert state law claims.

---

[4] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[5] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[6] *Id.*

[7] 28 U.S.C. § 1331.

[8] Doc. 1 ¶¶ 156–59.

[9] Doc. 16 at 10.

**B. Supplemental Jurisdiction**

The federal supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[10] A state law claim is part of the same case or controversy as a federal claim if the claims "derive from a common nucleus of operative fact" and would ordinarily be tried together.[11]

Supplemental jurisdiction is discretionary–"district courts can decline to exercise jurisdiction over [supplemental] claims for a number of valid reasons."[12] A district court may elect not to exercise supplemental jurisdiction over a claim that "raises a novel or complex issue of [s]tate law" or a claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction."[13] Supplemental jurisdiction may also be declined where "the district court has dismissed all claims over which it has original jurisdiction" and "in exceptional circumstances [if] there are other compelling reasons."[14]

---

[10] 28 U.S.C. § 1367(a).

[11] *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

[12] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

[13] 28 U.S.C. § 1367(c)(1), (2).

[14] *Id.* § 1367(c)(3), (4).

Plaintiff's state law claims derive from the same nucleus of operative fact as plaintiff's Lanham Act claim. Specifically, all claims arise out of Haasnoot's conduct after departing IGG–for instance, use of IGG presentation materials and contact with IGG clients. One would ordinarily expect all of plaintiff's claims to be tried in one judicial proceeding.

**1. No State Law Claim Predominates**

The thrust of defendant's argument is that plaintiff's eight state law claims and consequently, state law issues, will predominate the lawsuit and therefore the court should decline to exercise supplemental jurisdiction over those claims.[15] Defendant's argument rests primarily on *United Mine Workers v. Gibbs*, in which the Supreme Court stated that "[i]f it appears that state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed."[16] This principle and others derived from *Gibbs* were codified in § 1367.[17] As codified, however, the focus of the predominance inquiry is on individual–not cumulative–state law claims.[18] The question is therefore not

---

[15] *See id.* § 1367(c)(2).

[16] *Gibbs*, 383 U.S. at 726.

[17] *City of Chicago*, 522 U.S. at 173.

[18] 28 U.S.C. § 1367(c)(2). The statute corresponds better to the statement in *Gibbs* that "[o]nce it appears that a state *claim* constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may be fairly dismissed." 383 U.S. at 727.

whether state law claims predominate by number in plaintiff's complaint, but whether the state law claims predominate over plaintiff's Lanham Act claim.[19]

Here, none of plaintiff's individual state law claims predominates over the Lanham Act claim. To the contrary, as plaintiff points out, "[e]ach . . . state law claim[] is based on [conduct] that [would] independently violate the Lanham Act."[20] In this sense, the federal claim is the predominant claim.

### 2.  Neither Fairness Nor Convenience Would Be Furthered By Dismissal of Plaintiff's State Law Claims

In considering whether to dismiss supplemental claims, "district courts should deal . . . in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the [supplemental] jurisdiction doctrine."[21] Neither fairness nor comity are meaningfully implicated by the instant case. The principles of economy and convenience would be undermined if the court were to dismiss plaintiff's state law claims and allow plaintiff's federal claim to proceed.

The court has original jurisdiction over plaintiff's federal claim and supplemental jurisdiction over plaintiff's state law claims. Because the court sees no reason to decline jurisdiction over the supplemental claims, it is unnecessary to determine whether complete diversity provides an alternative basis of original jurisdiction over the entire case.

---

[19]*See Borough of West Miffin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) ("The 'substantially predominate' standard . . . is not satisfied simply by a numerical count of the state and federal claims the plantiff has chosen to assert on the basis of the same set of facts.").

[20]Doc. 19 at 13.

[21]*City of Chicago*, 522 U.S. at 172–73.

## V.  CONCLUSION

For the foregoing reasons, defendant's motion at docket 16 to dismiss Counts I through VIII pursuant to Federal Rule 12(b)(1) is **DENIED**.

DATED this 28th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE